Tearney v. Fleming.

## Tearney et al. v. Fleming et al.

1.  *Costs in Equity Awarded in Accordance with Right.*—Patrick J. Fleming filed a bill of interpleader against James Tearney, Patrick Tearney and Patrick Kealey, setting up that James Tearney, a minor, was in his employ during the season of 1890; that he owed for the work $95.90; that his father, Patrick Tearney, being still living, he supposed the wages were due to and the property of Patrick Tearney in right of a parent; tha' James claimed them as being emancipated; that Patrick Kealey, holding a judgment against Patrick Tearney, garnisheed Fleming, and judgment was rendered against him for $39.90 and costs of suit; that Fleming, to protect himself, prayed an appeal to the County Court where the case was still pending; and that James Tearney commenced suit against him in the same court for said wages, which suit was also still pending; and praying that James Tearney, Patrick Tearney and Patrick Kealey interplead, and for an injunction against Kealey and James Tearney and Patrick Tearney from prosecuting their suits, etc. *It was held* error to award that the costs of the proceeding and of the suits in the County Court of Patrick Tearney, for the use of Patrick Kealey, by his next friend, Patrick Tearney, against Patrick Fleming, and of James Tearney against Patrick Fleming, be paid by the clerk of the Circuit Court out of the fund to be paid into his hands by the complainant, and that the residue be paid to James Tearney.

2.  *Laches—Infants.*—Infants are not chargeable with *laches;* the presumption is that they do not know their rights.

Memorandum.—Bill of interpleader. Writ of error to the Circuit Court of McLean County, to reverse a judgment rendered by that court; the Hon. CHARLES R. STARR, Circuit Judge, presiding. Heard in this court at the May term, A. D. 1892, and affirmed in part, reversed in part and remanded with directions. Opinion filed December 2, 1892.

### PLAINTIFFS' BRIEF.

James Tearney being a minor, *laches* is not imputable to him for not interfering in the garnishee suit before the justice. Smith v. Sackett, 5 Gil. 547; C., R. I. & P. Co. v. Kennedy, 70 Ill. 350; Johnston v. Johnston, 138 Ill. 385, June, 1891; Huling v. Huling, 32 Ill. App. 519.

FRANK R. HENDERSON and EZRA M. PRINCE, attorneys for plaintiffs.

DEFENDANTS' BRIEF.

Upon a decree of interpleader the costs are paid, in the first instance, out of the fund in court. 2 Daniell's Ch. Pl. & Pr. (5th Ed.) 1569 and cases cited; Canfield v. Morgan, Hopk. Ch. (N. Y.) 224; Thompson v. Ebbetts, Hopk. Ch. (N. Y.) 272; Bispham's Principles of Equity (4th Ed.), p. 478, Sec. 422.

BENJAMIN & MORRISSEY, counsel for Patrick Fleming, defendant in error.

OPINION OF THE COURT, the Hon. George W. Pleasants, Judge.

This was a bill of interpleader filed April 14, 1891, by Patrick Fleming against James Tearney, Patrick Tearney and Patrick Kealey, averring that James Tearney, a minor, about sixteen years of age, was in complainant's employ as a farm hand during the season of 1890; that he owed for said work a balance of $95.90; that Patrick Tearney, the father of James, being still living, he supposed these wages were due to him in right of a parent, but James claims them, as having been emancipated; that Kealey, having a judgment against the father, garnisheed complainant, and obtained judgment for $39.90 and costs; that complainant, to protect himself, took an appeal to the County Court, where the case is now pending; that James Tearney then commenced suit against him for said wages in that court and that case is also now pending. Complainant then avers his readiness to pay said $95.90 to whichever of the parties claiming may be entitled to it, offers to bring the money into court for that purpose and subject to its order, and prays that they be required to interplead, and be enjoined against prosecuting said suits.

Defendants answered, Patrick Tearney disclaiming all right to the money and denying that he had ever asserted any, and that complainant had any ground to suppose or did suppose he claimed it; James asserting his, and Kealey denying the alleged emancipation and charging that these wages were due to Patrick Tearney as the father of

Tearney v. Fleming.

James. Replications were filed and proofs taken, and on final hearing the court decreed to complainant the relief asked, and as between the defendants found "that the said fund is the wages of the defendant James Tearney, earned by him from the complainant for his work as a farm hand and not claimed by the defendant Patrick Tearney, and that as between the defendants, James Tearney and Patrick Kealey, the said fund is not subject to garnishment at the suit of the defendant Patrick Kealey, claiming, as he does, as a judgment creditor of the defendant Patrick Tearney," and concludes as follows: " It is therefore ordered, adjudged and decreed by the court that the costs of this suit to be taxed by the clerk of this court, and the costs of the said suits in the County Court of McLean County, Illinois, of Patrick Tearney, for the use of Patrick Kealey against Patrick Fleming, and the suit of James Tearney by his next friend, Patrick Tearney, against Patrick Fleming, shall be paid by the clerk of this court out of the said fund paid into his hands by the complainant, Patrick Fleming, in this cause; and that the residue of said fund be paid by the said clerk to the said defendant James Tearney. It is further ordered that the said suits in the County Court of McLean County be dismissed by the plaintiffs therein." The defendant James Tearney prosecutes this writ of error and complains of the decree as to the costs. It appears that in the three cases they amount to $73.70, all of which is charged, absolutely and finally, upon the fund the decree finds was rightfully his.

Why those of Kealey in the garnishee proceeding or in this case should be so charged we do not see; and if those of Fleming were properly so in the first instance, they too, should eventually be recovered from the defeated claimant, and the decree should have so provided. We think, however, the evidence shows that complainant himself had no equitable right to costs as against James Tearney. No ground of objection to his bill appears on its face. The proper way to treat it, therefore, was to answer it. But had it also stated the facts, fully proved, that before answer-

ing as garnishee he had full notice of James' claim and
nevertheless answered that he was indebted to Patrick and
gave no intimation of that claim, it would have shown a want
of equity in willfully disregarding the right of the defend-
ant and neglecting to avail of an adequate legal remedy
then at hand. He deliberately put himself in the position
from which he sought by his bill to be relieved; and the
decree relieves him at the expense of the party without
fault, whom he wronged in so doing. His own fault and
neglect occasioned all the litigation that followed his answer.
From the finding of the decree it appears that by the notice
he had received from both Patrick and James, he would
have been justified in answering that he was not indebted
to Patrick. They were both then present and prepared to
testify as to the emancipation. Complainant's duty to this
boy required him at least to state that he claimed the wages
due for his labor. Such a statement, it may be presumed,
would have led to his discharge at Kealey's cost, and there
would have been no occasion for James' suit, his own appeal,
or this bill. Besides the notice referred to, given him a few
days previously, James told him at the justice's office just
before his answer, that he would sue him if not paid, and we
think his answer, under the circumstances, was a needless
provocation to the suit that so promptly followed. No
excuse or reason for his conduct has been suggested. Self-
protection and fairness to this infant claimant alike called
upon him to make known the claim. The grounds of his
right to the relief here sought, are, that being in no way to
blame for his position, and having acted impartially toward
the contesting claimants, he should not be required to deter-
mine at his peril which is right. But with what grace or
equity can complainant urge these grounds, when he has
voluntarily, needlessly and against warning, assumed the
responsibility and risk of such determination? A word from
him before the justice of the peace would have accomplished
all that is sought by this bill, but he would not speak it.
Yet this decree relieves him from a judgment he had con-
fessed for the use of Kealey, and another suit that he had

defiantly invited upon a just claim, at his instance, and at the cost of the creditor whose claim, now found to be just, he wrongfully ignored.

It is said that plaintiff in error had notice of the garnishee proceeding, was present at the time of the hearing, and could then have made known his claim and on his own application been admitted as a party to prove and establish it. R. S., Ch. 62, Secs. 11, 12. He should lose no right by reason of his failure to intervene in that way. Infants are not chargeable with *laches*. The presumption is that the boy did not, in fact, know he might so intervene, else he would not have resorted to another proceeding more expensive and dilatory.

We think the decree was wrong in its disposition of the costs; that those of the garnishee proceeding should have been adjudged against Kealey, those in the case in the County Court of James Tearney v. Fleming against Fleming; those of this case in the court below also against Fleming, and in this court against Kealey and Fleming equally.

Decree affirmed in part, and reversed in part, and remanded with directions.